UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYCE LANEAR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-cv-629-JMB |
| PHELPS COUNTY JAIL, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of the amended complaint filed by self-represented plaintiff Bryce LaNear. ECF No. 8. For the reasons discussed below, the Court will issue service on plaintiff's official and individual capacity claims against defendants Lt. Joe Taylor and Sheriff Michael Kirn, and will dismiss the claims against defendant Phelps County Jail.

## Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the Phelps County Jail and Jail Administrator Lt. Joe Taylor in his official and individual capacities. ECF No. 1. Plaintiff alleged defendants "used their position to take away [the] inmates ability to learn or educate themselves in any way through reading materials due to the post card only mail policy." *Id.* at 4. He indicated, "[n]o inmate can order books or magazines while in this facility and for federal inmates that means going years without." *Id.* He claimed the "policy is a de facto total ban on publishers communicating with inmates." *Id.* For relief, plaintiff sought "a permanent injunction and $25,000.00 in damages." *Id.*

On July 19, 2024, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915. ECF No. 7. First, the Court found the complaint was subject to dismissal against Phelps County Jail

because it was not a suable entity under 42 U.S.C. § 1983. Second, plaintiff's official capacity claims against defendant Taylor failed to state a claim because the complaint was devoid of any allegations against the municipality itself. Third, plaintiff's individual capacity claims against defendant Taylor could not proceed because plaintiff did not allege that he was personally involved in or directly responsible for denying him his First Amendment rights. In light of plaintiff's self-represented status, the Court provided him with an opportunity to submit an amended complaint to cure his pleading deficiencies.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Amended Complaint

Plaintiff filed his amended complaint against Phelps County Jail, Lt. Joe Taylor, and Sheriff Michael Kirn. ECF No. 8. Defendants are alleged to be employees of Phelps County, Missouri, and are sued in both their official and individual capacities. *Id.* at 2-4.

In the section to provide his Statement of Claim, plaintiff writes that he has "been denied access to religious reading material specifically having a bible sent to [him] because the jail does not sell them." *Id.* at 4. He further indicates he has "been denied access to books and magazines due to the jail not having a book cart or library and denied the ability to order them and have them sent to [him]." *Id.* He states he has been subject to these deprivations on "multiple" occasions "in the last few years." *Id.* Plaintiff alleges defendant Taylor personally denied him through messages and by "enforcing and training new employees to violate [his] rights." *Id.* at 4-5. Plaintiff asserts

3

defendants Kirn and Phelps County were responsible for implementing the "post-card only mail" policy. *Id.* at 5.

Within the complaint, plaintiff appears to quote the Phelps County Jail Inmate Handbook as follows:

> Sheriff's message: The citizens of Phelps County have entrusted the responsibility of maintaining a safe and secure jail to me and the personell [sic] who work in the jail.
>
> . . .
>
> Mail will only be accepted on a 5x7 postcard.
>
> . . .
>
> Publications, both free and pay for view are available on tablets provided by homewav. No outside publications will be accepted. Publications post marked after 5/30/22 will be returned to sender.

*Id.* at 5. Plaintiff argues this policy is a "de facto total ban on mail," which is a violation of the First Amendment. *Id.*

For relief, plaintiff seeks an injunction and $1,000,000 in damages. *Id.* at 6.

## Discussion

**A.  Defendant Phelps County Jail**

Plaintiff has named Phelps County Jail as a defendant in this case. However, "county jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

4

As the Phelps County Jail is not a distinct suable entity, the claims against it must be dismissed as legally frivolous.

### B.  Defendants Lt. Joe Taylor and Sheriff Michael Kirn in their Official Capacities

Plaintiff brings this action against defendants Lt. Taylor and Sheriff Kirn in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Plaintiff alleges defendants Lt. Taylor and Sheriff Kirn are employee of Phelps County. Unlike a Sheriff's Office or Jail, a local governing body such as Phelps County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation resulted from (1) an official *municipal* policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff alleges Phelps County itself has an unconstitutional policy that makes it liable for the alleged violations of his constitutional rights. Plaintiff cites to the Phelps County Jail Inmate Handbook, which appears to outline a postcard only mail policy. Alleging a jail's postcard only policy results in a de facto total ban on books and magazines may rise to a constitutional violation depending on the specifics of the administration. *See Human Rights Defense Ctr.*, 999 F.3d 1160 (8th Cir. 2021). *See also Wilson v. Owens, et al.*, Case No. 4:14-cv-0062-OSD (W.D. Mo. Mar. 13, 2014) (permitting a § 1983 action to pass initial review because plaintiff inmate alleged that he was subject to a postcard only mail policy, which hindered his family and friends from being able to correspond with him). If plaintiff's allegations are proven and the County cannot show a legitimate, neutral governmental reason for the policy, he might be able to prevail on the merits of this action. *See Simpson v. Cnty. of Cape Girardeau, Missouri*, 879 F.3d 273, 282 (8th Cir. 2018) (finding Cape Girardeau's postcard-only incoming-mail policy was constitutional, but noting the holding is "narrow" because it "is a fact-intensive inquiry requiring careful examination of the policies and institutions at issue in each case"). Further, allegations that plaintiff was denied a bible also states a plausible First Amendment free exercise claim. Consequently, defendants will be directed to answer or otherwise respond to plaintiff's amended complaint as to the official capacity claims.

**C. Defendants Lt. Joe Taylor and Sheriff Michael Kirn in their Individual Capacities**

As to defendant Lt. Taylor and Sheriff Kirn in their individual capacities, plaintiff must allege facts connecting the defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

6

Here, plaintiff alleges defendant Taylor denied him via "messages" of all non-postcard mail as well as a bible, and by "enforcing and training new employees to violate [his] rights." *Id.* at 4-5. Plaintiff asserts that defendant Sheriff Kirn and Phelps County were responsible for implementing the "post-card only mail" policy. *Id.* at 5. At this early stage of the litigation, plaintiff has stated enough facts to pass initial review. Consequently, defendants will be directed to answer or otherwise respond to plaintiff's amended complaint as to the individual capacity claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to plaintiff's official and individual capacity claims against defendants Lt. Joe Taylor and Sheriff Michael Kirn brought pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Defendants Lt. Joe Taylor and Sheriff Michael Kirn shall be served by issuance of summons and service by the U.S. Marshal's Service at the Phelps County Jail, 500 W. 2nd Street, Rolla, Missouri 65401.

**IT IS FURTHER ORDERED** that plaintiff's claims against the Phelps County Jail are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 20th day of September, 2024.

                                      HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE