UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYCE LANEAR, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:24 CV 629 JMB |
| | ) |
| JOE TAYLOR and MICHAEL KIRN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Judgment was entered in this matter on November 21, 2025. Plaintiff had 28 days to file a Federal Rule of Civil Procedure 59(e) motion, a "reasonable time" or one year to file a Rule 60(b) motion, and, in general, 30 days to file a notice of appeal after the entry of judgment.

In his Motion for Leave to File Objections . . . (Doc. 54), Plaintiff states that he has not received a copy of the Court's judgment and just recently received a copy of the docket sheet.[1] He seeks additional time to "have an opportunity to contest and then appeal said order." It is unclear whether Plaintiff is requesting an extension of time to file a Rule 59(e) motion or a Rule 60(b) motion or whether he simply seeks an extension of time to file a notice of appeal.

Pursuant to Rule 6(b)(2), this Court may not extend the time to file a Rule 59(e) motion (which was due on December 19, 2025). See Petrone v. Werner Enterprises, Inc., 105 F.4th 1043, 1055 (8th Cir. 2024). However, Plaintiff still has time to File a Rule 60(b) motion which he must file within a reasonable time after Court's judgment.

---

[1] On January 12, 2026, the Clerk of Court received notification that the mailing containing the Court's Order and judgment was undeliverable (Doc. 53). The Clerk subsequently re-mailed the documents to Plaintiff at his new address at FCI Yazoo Low II (Doc. 52).

To the extent that Plaintiff instead wishes to file a Notice of Appeal, that Notice must be filed within 30 days of judgment because there has been no timely Rule 59(e) motion or Rule 60(b) motion filed within 28 days of judgment. As such, Plaintiff's Notice of Appeal was due within 30 days of entry of judgment or December 21, 2025. However, that 30 days deadline can be extended upon motion, if the motion is filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed.R.App.P. 4(a)(5)(A)(i). As such, Plaintiff had until January 20, 2026 to file a motion for extension of time to file a Notice of Appeal; to the extent that Plaintiff seeks additional time to file a Notice of Appeal, his motion for extension of time is timely. Plaintiff has demonstrated excusable neglect in that he never received a copy of the Court's judgment, he promptly moved for additional time, the delay would have no impact on Defendants, he is acting in good faith, and the length of delay is minimal. See Petrone, 105 F.4th at 1056. Plaintiff has 14 days from the date of this Order to file his Notice of Appeal.

In sum, Plaintiff may file a Rule 60(b) motion within a reasonable time and no longer than 1 year from judgment if he seeks relief pursuant to Rule 60(b)(1-3). <u>The filing of such a motion does not toll the time within which he must file a Notice of Appeal</u>. Any such Notice of Appeal must be filed within 14 days from the date of this Order. Plaintiff's Motion is **GRANTED in part** as set forth above.

> */s/ John M. Bodenhausen*
> JOHN M. BODENHAUSEN
> UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of January, 2026